UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE COAR**

**MAGISTRATE JUDGE DENLOW**

UNITED STATES OF AMERICA )
)  No. 04 CR 1007
v. ) **FILED**
)  Violation: Title 18, United States
)  Code, Sections 371; 924(c)(1)(A);
ALDO CARRETERO,  FEB 2 1 2006  WH  2113(a) and 2.
DAISY CARRETERO,
CRUZ CORONEL, and  MICHAEL W. DOBBINS
DIANAH DICKENS  CLERK, U.S. DISTRICT COURT

### COUNT ONE

The SPECIAL FEBRUARY 2005-1 GRAND JURY charges:

1. At times relevant to this indictment:

    (a) Fifth Third Bank, a bank whose deposits were insured by the Federal Deposit Insurance Corporation, had a branch located within Christ Hospital at 4400 West 95th Street, Oak Lawn, Illinois.

    (b) From in or about 2003 to in or about November 2003, DAISY CARRETERO was an employee of the Fifth Third Bank branch located within Christ Hospital.

    (c) On or about September 4, 2004, Victim A and B were employees of Fifth Third Bank, located at 4400 West 95th Street, Oak Lawn, Illinois.

    (d) On or about September 4, 2004, Victim C owned a blue 1995 Saturn.

2. On or about late August 2004, through and including September 4, 2004, at Oak Lawn, in the Northern District of Illinois, Eastern Division,

> ALDO CARRETERO,
> DAISY CARRETERO,
> CRUZ CORONEL, and
> DIANAH DICKENS,

defendants herein, did conspire and agree with each other to commit an offense against the United States, namely, knowingly and intentionally taking by force, violence and intimidation, from the person and presence of bank employees, United States Currency belonging to and in the care, custody, control, management, and possession of Fifth Third Bank, located at 4400 West 95th Street, Oak Lawn, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

3. It was part of the conspiracy that, beginning not later than August 2004, ALDO CARRETERO recruited CRUZ CORONEL, DAISY CARRETERO, and DIANAH DICKENS to assist him in robbing the Fifth Third Bank.

4. It was part of the conspiracy that ALDO CARRETERO discussed details regarding Fifth Third Bank security practices from his wife, DAISY CARRETERO, including what money to take and what money to avoid.

5. It was further part of the conspiracy that on or about September 2, 2004, ALDO CARRETERO, CRUZ CORONEL, DAISY CARRETERO, and DIANAH DICKENS met and planned to rob the Fifth Third Bank. ALDO CARRETERO and CRUZ CORONEL agreed to enter the bank with handguns and backpacks, and to demand the money from the vault. DAISY CARRETERO agreed to remain in the car and to act as the getaway driver. DIANAH DICKENS agreed to stand outside the entrance of the bank and to act as the lookout.

6. It was further part of the conspiracy that on or about September 4, 2004, ALDO CARRETERO obtained a stolen car that ALDO CARRETERO, CRUZ CORONEL, DAISY CARRETERO, and DIANAH DICKENS used to drive to the bank to commit the bank robbery.

7. It was further part of the conspiracy that ALDO CARRETERO, CRUZ CORONEL, DAISY CARRETERO, and DIANAH DICKENS would and did divide the robbery proceeds among themselves.

8. It was further a part of the conspiracy that defendants would and did conceal and hide, and caused to be concealed and hidden, the purposes of the acts done in furtherance of the conspiracy.

## OVERT ACTS

9. In furtherance of the conspiracy and to accomplish the objectives of the conspiracy, defendants committed one or more overt acts, which overt acts included but were not limited to the following:

(a) On or about September 4, 2004, at Chicago, ALDO CARRETERO pointed a handgun at Victim C, demanded his car keys, and took Victim C's car to use in the bank robbery;

(b) On or about September 4, 2004, at Oak Lawn, ALDO CARRETERO and CRUZ CORONEL, using firearms, walked into the Fifth Third Bank with backpacks, demanded that Victim A give them money from the vault, and stole approximately $171,500.00 in United States Currency belonging to, and in the care, custody, control, management, and possession of Fifth Third Bank;

(c) On or about September 4, 2004, DIANAH DICKENS stood in the hallway outside of the Fifth Third Bank during the bank robbery and acted as a lookout for the purpose of informing ALDO CARRETERO and CRUZ CORONEL if anyone was coming to the bank; and

    (d)  On or about September 4, 2004, DAISY CARRETERO stayed in Victims C's car parked outside of the Fifth Third Bank during the bank robbery and acted as the getaway driver for the purpose of quickly driving ALDO CARRETERO, CRUZ CORONEL, and DIANAH DICKENS away afterwards;

  All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL FEBRUARY 2005-1 GRAND JURY charges:

On or about September 4, 2004, at Oak Lawn, in the Northern District of Illinois, Eastern Division,

>ALDO CARRETERO,
>DAISY CARRETERO,
>CRUZ CORONEL, and
>DIANAH DICKENS,

defendants herein, did by force and violence, and by intimidation, take from the person or presence of a bank employee approximately $171,500.00 in United States Currency belonging to and in the care, custody, control, management, and possession of Fifth-Third Bank, located at 4400 West 95th Street, Oak Lawn, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation;

In violation of Title 18, United States Code, Sections 2113(a) and 2.

## COUNT THREE

The SPECIAL FEBRUARY 2005-1 GRAND JURY further charges:

On or about September 4, 2004, at Oak Lawn, in the Northern District of Illinois, Eastern Division,

ALDO CARRETERO and
CRUZ CORONEL,

defendants herein, knowingly possessed a firearm in furtherance of, and used, carried and brandished the firearm during and in relation to, a crime of violence for which they may be prosecuted in a court of the United States, namely, bank robbery, in violation of Title 18, United States Code, Sections 2113(a) and 2, as further set forth in Count Two of this Indictment;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## **FORFEITURE ALLEGATION**

The SPECIAL FEBRUARY 2005-1 GRAND JURY further charges:

1. The allegations contained in Count Two of this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of their violations of Title 18, United States Code, Section 2113(a), as alleged in the foregoing Indictment,

>ALDO CARRETERO, and
>DAISY CARRETERO,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense.

3. The interest of ALDO CARRETERO and DAISY CARRETERO subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), includes but is not limited to one 2001 Ford Expedition, bearing vehicle identification number 1FMPU16L71LB71933.

4. If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendants:

>(a) Cannot be located upon the exercise of due diligence;
>
>(b) Has been transferred or sold to, or deposited with, a third party;
>
>(c) Has been placed beyond the jurisdiction of the Court;
>
>(d) Has been substantially diminished in value; or

   (e)  Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

  All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

                   A TRUE BILL:

                   _____
                   FOREPERSON

_____
UNITED STATES ATTORNEY